UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PETER SANCHEZ,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>ATTORNEY GENERAL OF STATE OF CALIFORNIA, et al.,<br><br>　　　　Respondent. | NO. CV 20-5226-DDP (AGR)<br><br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made. The Court accepts the findings and recommendation of the Report.

　　　Petitioner does not object to the Report's conclusions that Grounds Two and Three are not cognizable on federal habeas review. (Obj. at 4; *see also* Opp., Dkt. No. 17 at 8 ("Petitioner concedes and drops (2) double jeopardy claims

and (3) California's writ processing.")

Petitioner objects to dismissal of Ground One as time barred and unexhausted. On April 1, 2009, a Los Angeles County Superior Court jury found Petitioner guilty of second degree murder and found true gun enhancements under Cal. Penal Code §§ 12022.53(b)-(d).[1] (Lodged Document ("LD") 1 at 4; LD 6 at 13.) Petitioner, who had a prior strike, was sentenced to 60 years to life in prison. (LD 1 at 4.)

In his objections, Petitioner contends that the Report misconstrues Ground One. Although Petitioner agrees that Ground One is based on ineffective assistance of trial counsel, Petitioner explains that the ground is actually based on newly discovered evidence. On August 12, 2013, over four years after trial, Petitioner applied to the Veterans Administration ("VA") for benefits. (Dkt. No. 1 at 47.) On May 24, 2017, the VA granted benefits based on its determination that Petitioner has post traumatic stress disorder ("PTSD"), effective March 20, 2017. (Dkt. No. 1 at 42-44.) On November 13, 2018, the VA issued a rating decision that increased Petitioner's disability rating from 50% to 70% from PTSD effective January 16, 2018. Petitioner had served from November 8, 1988 through November 7, 1992. (*Id.* at 46-47.) Petitioner argues counsel was aware of his military service in the Gulf War and failed to investigate the possibility of PTSD. (*Id.* at 9.) Counsel stated "either we bring up military or don't bring it up at all." (*Id.* at 61.)

To the extent Petitioner argues that he is entitled to a later accrual date, his argument does not overcome the time bar. Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations starts to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise

---

[1] The factual background of Petitioner's conviction is described in the California Court of Appeal on direct appeal. (LD 1 at 2-3.)

2

of due diligence." As the Report explains, the "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). Petitioner states that he applied for VA benefits on August 12, 2013 "for Gulf War syndrome as his condition was getting worse." (*Id.* at 62.) Even assuming the clock started to run on May 24, 2017, after the VA granted benefits based on PTSD, the one-year statute of limitations would expire one year later on May 24, 2018. Petitioner did not sign his first state habeas petition until November 29, 2018 (LD 4), after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding state habeas petition filed after expiration of statute of limitation does not restart clock),

    To the extent Petitioner argues that he is entitled to equitable tolling, he fails to make the requisite showing. To be eligible for equitable tolling due to mental impairment, Petitioner must meet a two-prong test: (1) the petitioner must show that his mental impairment was an "extraordinary circumstance" beyond his control "by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing;" and (2) the petitioner must show that he diligently pursued his claims "to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

    Petitioner has not shown the requisite diligence. Petitioner was aware of his military service during trial in 2009, applied for VA benefits on August 12, 2013, and was granted benefits on May 24, 2017, yet did not raise a PTSD-

related ineffective assistance of trial counsel until the constructive filing of the Petition in this court no earlier than May 31, 2020. Petitioner did not raise a PTSD-related ineffective assistance of trial counsel claim before the California Supreme Court and, therefore, the claim remains unexhausted.[2] (LD 8 at 3-4.) There is no indication that a mental impairment made it impossible for Petitioner to meet the filing deadline under the totality of the circumstances. Petitioner has been able to articulate his claims. Petitioner was able to file an application for VA benefits on August 12, 2013. He filed state habeas petitions on May 30, 2011 (LD 2), December 5, 2018 (LD 4), August 14, 2019 (LD 6), October 21, 2019 (LD 8) and March 30, 2020 (LD 17). *See Stancle v. Clay*, 692 F.3d 948, 959 (9th Cir. 2012).

The Court does not construe Petitioner to be arguing that FDA waivers for military test drugs during the Gulf War constitute a state-created impediment that prevented him from filing a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(B). Petitioner has asserted his ineffective assistance claim in the Petition, albeit after the statute of limitations expired, and has not provided a time frame when such a state-created impediment to filing a petition was removed. *See Felix v. Baker*, 589 Fed. Appx. 382, 382-83 (9th Cir. 2015).

---

[2] On the contrary, Petitioner's claims before the California Supreme Court appeared to argue that trial counsel was prevented from developing evidence by Petitioner's belief that he could not discuss forced FDA waivers and military test drugs with counsel. (LD 13, Dkt. No. 16-13 at 3 ("at my trial when defense counsel asked me about military history I was convinced I could not bring up mental side effects and mental test drugs because of waivers and orders not to discuss"); LD 12 at 1 ("I believed under duress I had no rights involved with FDA waiver and paranoid to discuss test drugs at time of trial, which prevented my public defender from developing the evidence"); LD 15 at 3, 10, 12.)

IT THEREFORE IS ORDERED that Respondent's motion to dismiss the Petition for Writ of Habeas Corpus is granted, and that judgment be entered denying the Petition for Writ of Habeas Corpus and dismissing this action with prejudice. Any other pending motions are denied.

DATED: 9-23-21

*/s/ Dean D. Pregerson*
DEAN D. PREGERSON
United States District Judge